UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold Pittman, #319544, | ) C/A No. 3:10-1269-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Warden Cartledge, McCormick CI;<br>Dr. McCree, McCormick CI;<br>Unknown Medical Director, SCDC Headquarters, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a prisoner in the South Carolina Department of Corrections' (SCDC's) McCormick Correctional Institution (MCI). Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.[1] Plaintiff alleges violations of his Eighth Amendment rights, asserting that this Court has jurisdiction under 28 U.S.C. § 1983 [2] and pendant jurisdiction "pursuant to the South Carolina Tort

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] 42 U.S.C. § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

1

Claims Act § 15-78-10 for the torts of negligence, gross negligence, breach of duty, medical malpractice, failure to protect him from harm, and for intentional infliction of physical, mental, and emotional distress." (Compl. 3).

Plaintiff alleges that Defendant Warden Cartledge was deliberately indifferent to a substantial risk of serious injury to Plaintiff and failed to protect Plaintiff from harm because he failed to order maintenance staff at MCI to unclog the drain in front of Building F-1 which, for years, has caused the sidewalk to be flooded when it rains. On February 2, 2010, Plaintiff slipped and fell on the flooded concrete sidewalk and tore ligaments and tendons in his right elbow. Plaintiff alleges that Defendants Dr. McCree and an "unknown medical director at SCDC headquarters" then failed to provide adequate medical treatment. Plaintiff alleges that he was examined and treated at the Greenwood Hospital emergency room on the date of his injury, his arm was put in a cast and surgery was scheduled for February 4, 2010 to repair the tendons and ligaments. But "someone in SCDC then cancelled [his] operation" and he was, instead, sent to Kirkland CI infirmary for more diagnostic tests. (Compl. 4).

Plaintiff's elbow surgery was eventually performed at Palmetto Richland Memorial Hospital on February 26, 2010. Plaintiff alleges that the unknown surgeon who performed the operation told him that, because of the delay, "the tendons started healing wrong and the operation was made more difficult" and "if it would have been done sooner [he] would have had a better chance of recovering use of [his] right arm [but] because of the delay they could not properly sew the tendons back together." (Compl. 5). Plaintiff alleges that he " still do[es] not have full use of [his] right arm and cannot bend it over half way" and that the "defendants were deliberately indifferent to his serious medical needs by intentionally delaying surgery" for non-medical reasons and denying him pain

2

medication while his arm was in a cast. (Compl. 5-6). Plaintiff alleges that "medical committed malpractice in failing to follow doctors orders to do surgery" and that Defendants were deliberately indifferent to his serious medical needs by interfering with prescribed treatment to correct the injury." (Compl. 6). Plaintiff seeks compensatory damages "in a[n] amount to be determined by what percentage of loss of use of his right arm and to determine the amount of wages plaintiff will have lost for the remainder of his natural life." (Compl. 7-8). Plaintiff also seeks an unspecified amount of punitive damages, plus costs and attorneys fees. (Compl. 8).

### *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act (PLRA) of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that this Court can ignore a clear

failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[3]

## **Discussion**

The Complaint filed in this case is subject to summary dismissal without prejudice and without service of process, under the provisions of 28 U.S.C. § 1915(e)(2)(B), because it is apparent from the face of Plaintiff's Complaint that he has failed to exhaust his administrative remedies prior to filing suit under § 1983, as is required by the Prison Litigation Reform Act of 1996 (the PLRA). The PLRA, 42 U.S.C. § 1997e(a), provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Accordingly, before Plaintiff may proceed with his claims in this Court, he must have first exhausted his administrative remedies available through the South Carolina Department of Corrections grievance process. The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). *See Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages

---

[3]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action).

Although the lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity, *see Jones v. Bock*, 549 U.S. 199 (2007), under existing precedent in the Fourth Circuit if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006).

Here, Plaintiff's allegations clearly show that he did not pursue his administrative remedies through the prison grievance process, thus *sua sponte* dismissal of his Complaint is appropriate under *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995) and *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). No genuine issue of material fact concerning Plaintiff's failure to exhaust his administrative remedies exists in the instant case because Plaintiff has not alleged that the grievance process was not available to him within the meaning of §1997e(a) of the PLRA, nor has he alleged that Defendants hindered his ability to exhaust his administrative remedies. *See Hill v. Haynes*, 2010 U.S. App. LEXIS 11166 (4th Cir. W.Va. June 2, 2010). Plaintiff simply alleges that "no grievance was filed in this matter because it is an 8th Amendment violation of delay of medical treatment and the damage was already permanent an[d] no resolution was possible." (Compl. 6). Plaintiff alleges that he "did write Warden Cartledge a request to find out why they have never fixed the drains in front of F-1 since he knows it floods when it rains. No response was ever received filed request on 4-6-10." (Compl. 6). Since Plaintiff has specifically admitted that he has not pursued

any SCDC grievance remedy for the alleged negligence and medical malpractice that caused his injuries, it is clear that the Complaint in this case is premature and subject to summary dismissal.

**Recommendation**

As it is clear on the face of the Complaint that Plaintiff has made no attempt to file a grievance and exhaust the administrative remedies available to him as required by 42 U.S.C. § 1997e(a), he is precluded from bringing this § 1983 action. Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process for failure to exhaust administrative remedies. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Joseph R. McCrorey
United States Magistrate Judge

June 24, 2010
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).