IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Harold Pittman, #319544, | ) C/A No.: 3:10-1269-JFA-JRM |
| Plaintiff, | ) |
| vs. | ) ORDER |
| Warden Cartledge, McCormick, CI; Dr. McCree, McCormick, CI; and Unknown Medical Director, SCDC Headquarters, | ) |
| Defendants. | ) |

The *pro se* plaintiff, Harold Pittman, is incarcerated at the McCormick Correctional Institution ("MCI") of the South Carolina Department of Corrections ("SCDC"). He initiated this action pursuant to 42 U.S.C. § 1983 contending that the defendants violated his constitutional rights under the Eighth Amendment. Specifically, the plaintiff alleges that the defendants failed to provide adequate medical treatment after he fell and injured his elbow. Plaintiff alleges that because his elbow surgery was delayed, the tendons improperly healed and he does not have full use of his arm. He seeks money damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should summarily dismiss the complaint

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

because the plaintiff has failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1996 ("PLRA"). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, and he has filed timely objections to the Report. It thus appears this matter is ripe for resolution.

The PLRA requires that a prisoner exhaust administrative remedies before filing a § 1983 action concerning his confinement. 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is mandatory, *Anderson v. XYZ Correctional Health Svcs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005) and that the requirement "applies to all inmate suits about prison life," whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002); *see also Jones v. Bock*, 549 U.S. 199 (2007).

Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. *Anderson*, 407 F.3d 674. The Magistrate Judge opines that it is apparent from the face of the complaint that plaintiff failed to exhaust his remedies and that this court should dismiss the action *sua sponte* prior to service of the complaint. This court agrees.

The Magistrate Judge notes the plaintiff's statement in his complaint that he did not file a grievance in this matter because there is an exception to the exhaustion requirement when a prisoner seeks money damages for which the administrative process allows no award. In his objections, plaintiff's reliance on *Rumbles v. Hill*, 182 F.3d 1064 (9th Cir. 1999) is misplaced. Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. Churner*, 532 U.S. 731 (2000). All available remedies must be exhausted before a complaint under § 1983 may be entertained. *Id*. at 738. Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002), citing *Booth*, 532 U.S. at 739–40, n. 5. Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Id.* at 741, n. 6 ("[w]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

Here, with respect to the plaintiff's case, it is clear from the plaintiff's complaint that he has not exhausted his administrative remedies as required. This court agrees with the Magistrate Judge that the case is premature and subject to summary dismissal.

Alternatively, the plaintiff requests that this court stay the action pending the outcome of his grievance filed with the Warden at MCI after the complaint in this case was filed. However, the court must deny the request because staying the action would allow the plaintiff

3

to keep the complaint filed before he exhausts his administrative remedies.

After a careful review of the record, the applicable law, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

October 28, 2010
Columbia, South Carolina